IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT INGERSOLL, <br> # M-39625, <br><br> Plaintiff, <br><br> vs. <br><br> DR. SHAH and <br> WEXFORD MEDICAL, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 16-cv-01025-MJR <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Robert Ingersoll, an inmate who is currently incarcerated at Robinson Correctional Center ("Robinson"), brings this civil rights action pursuant to 42 U.S.C. § 1983 against Doctor Shah and Wexford Medical (Doc. 1). Plaintiff allegedly suffers from rheumatoid arthritis (Doc. 1, pp. 5, 7-11). In his complaint, Plaintiff claims that these defendants have denied him adequate medical care for this condition at Robinson. As a result, he has endured years of persistent and debilitating pain (*id.*). In connection with this claim, Plaintiff now seeks monetary damages against both defendants (*id*. at 6).

### Merits Review Under 28 U.S.C. § 1915A

This case is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is

immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

### The Complaint

According to the complaint and corresponding exhibits, Plaintiff suffers from rheumatoid arthritis (Doc. 1, pp. 5-11). The condition causes inflammation and pain in Plaintiff's joints. Until he transferred to Robinson in October 2013, Plaintiff was under the care of Doctor Lockhart,[1] who treated his condition with cortisone injections and pain relievers. Doctor Lockhart initially prescribed Plaintiff 800 milligrams of ibuprofen.[2] However, he reduced this dose to 600 milligrams after the ibuprofen "made [Plaintiff's] blood thin" (*id*. at 7). At some point in time, the doctor replaced the ibuprofen with twelve Tylenol pills[3] per day (*id*.).

After transferring to Robinson, Plaintiff was allegedly denied adequate medical care for his condition (*id*. at 5, 8). Plaintiff told Doctor Shah that the Tylenol was not effectively controlling his pain (*id*. at 7). Further, the constant pain prevented him from participating in daily activities and from sleeping at night. Plaintiff requested some other form of treatment (*id*. at 8). The doctor denied his request.

Doctor Shah refused to administer cortisone shots (*id*. at 5). When Plaintiff requested treatment at an outside hospital, Doctor Shah denied his request (*id*.). For several months in early 2016, the doctor also refused to issue Plaintiff any Tylenol (*id*. at 9). When Plaintiff complained, the doctor authorized a single "blister pack" of thirty Tylenol. However, Doctor

---

[1] Doctor Lockhart is not named as a defendant in the caption of the complaint, and Plaintiff asserts no claims against this individual. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). Accordingly, all claims against Doctor Lockhart are considered dismissed without prejudice from this action.
[2] The complaint refers to ibuprofen as "Morten." It appears that Plaintiff meant "Motrin."
[3] Plaintiff does not indicate what dose of Tylenol he was given.

Shah reduced the dose to 325 milligrams, even after Plaintiff made it clear that the higher dose was ineffective (*id*. at 7-9).

Not surprisingly, Plaintiff's pain persisted. In fact, the pain in his back, hips, legs, and knees became so bad that Plaintiff was unable to sit in the dayroom, go to the gym, or exercise in the prison yard (*id*.). He also had difficulty sleeping at night.

Plaintiff now sues Doctor Shah and Wexford Medical for denying him adequate medical care for his rheumatoid arthritis and associated pain (*id*. at 5, 7-11). In connection with this claim, he seeks monetary damages to compensate him for "months and years of pain [and] suffering" (*id*. at 6).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claim in Plaintiff's *pro se* complaint into a single count:

> **Count 1:**    **Defendants responded to Plaintiff's rheumatoid arthritis and associated pain with deliberate indifference in violation of the Eighth Amendment.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

## Count 1

The Eighth Amendment safeguards prisoners against cruel and unusual punishment. This includes a lack of medical care that "may result in pain and suffering which no one suggests would serve any penological purpose." *See Petties v. Carter*, -- F.3d --, 2016 WL 4631679 at *2

(7th Cir. 2016) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).  An Eighth Amendment claim based on the denial of adequate medical care requires the plaintiff to, first, demonstrate that he suffered from an objectively serious medical need and, second, establish that the defendant exhibited deliberate indifference to his serious medical need.  *See id*. at *2 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  *See also Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (citations omitted).

A serious medical need is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention."  *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005).  Plaintiff's allegations of rheumatoid arthritis and associated pain satisfy the objective component of this claim for screening purposes.  *See Arnett v. Webster*, 658 F.3d 742 (7th Cir. 2011) (parties did not dispute that rheumatoid arthritis is a serious medical need); *Norfleet v. Walker*, 439 F.3d 392, 395 (7th Cir. 2006) (finding that rheumatoid arthritis is a serious medical need).  However, the Court's analysis of this claim does not end here.

The question becomes whether the defendants responded to Plaintiff's rheumatoid arthritis and associated pain with deliberate indifference.  Deliberate indifference is shown when a defendant "acted with a sufficiently culpable state of mind," which, in this context, is "something akin to recklessness."  *Arnett*, 658 F.3d at 750.  Deliberate indifference is more than negligence; it approaches intentional wrongdoing.  *Id*. (quoting *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 988 (7th Cir. 1998)).

The complaint suggests that Doctor Shah may have exhibited deliberate indifference to Plaintiff's rheumatoid arthritis under this standard.  The allegations and exhibits indicate that Plaintiff notified this defendant about his symptoms repeatedly (Doc. 1, pp. 5, 7-11).

Plaintiff complained that he was in pain, unable to sleep, and unable to engage in normal daily activities. Even so, Doctor Shah allegedly denied Plaintiff's request for treatment at an outside hospital, declined to administer cortisone injections, and suspended all pain relievers for several months in 2016 (*id*.). At one point, Plaintiff admits receiving a "blister pack" of thirty Tylenol, but at a much lower dose than was already demonstrated to be ineffective (*id*.).

A prisoner is not required to show that he was "literally ignored" to state a claim of deliberate indifference against a defendant. *Greeno*, 414 F.3d at 653. Even so, Plaintiff alleges just that. In light of the allegations and exhibits, the Court cannot dismiss Count 1 against Doctor Shah.

However, this claim shall be dismissed without prejudice against Wexford Medical, a private corporation that serves as the prison's healthcare provider. A private corporation "cannot be held liable under § 1983 unless it maintained an unconstitutional policy or custom." *Perez*, 792 F.3d at 780 (citing *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004)). Plaintiff mentions no policy or custom espoused by Wexford in connection with his Eighth Amendment claim. In fact, Plaintiff does not mention Wexford at all in his statement of claim, and naming this defendant in the case caption is insufficient to state a claim against Wexford. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Accordingly, Count 1 shall be dismissed without prejudice against this defendant.

## Pending Motions

Plaintiff's motion for recruitment of counsel (Doc. 3) is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for a decision.

Plaintiff's motion for service of process at government expense (Doc. 4) is **GRANTED in part** with respect to **DOCTOR SHAH** and **DENIED in part** with respect to **WEXFORD MEDICAL**.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** without prejudice against Defendant **WEXFORD MEDICAL** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 1** is subject to further review against Defendant **DOCTOR SHAH**. With respect to this claim**,** the Clerk of Court shall prepare for Defendant **DOCTOR SHAH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is

entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court

and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 18, 2016**

**s/ MICHAEL J. REAGAN**
**Chief Judge**
**United States District Court**